IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

SEP 1 3 2022

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

JASON ORTEGA,

          Petitioner,

v.                                                CRIMINAL NO. 2:98-cr-47

UNITED STATES OF AMERICA,

          Respondent.

*MEMORANDUM OPINION & ORDER*

Before the Court is Jason Ortega's ("Petitioner") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Pet'r's Mot. Compassion. Release, ECF No. 651 ("Pet'r's Mot."). The Government opposed the motion and Petitioner replied. Gov't Resp. Opp. to Pet'r's Mot. Compassion. Release, ECF No. 658 ("Resp. Opp."); Pet'r's Reply to Gov't Resp. Opp. to Pet'r's Mot. Compassion. Release, ECF No. 659 ("Pet'r's Reply"). This matter is now ripe for judicial determination. For the reasons below, Petitioner's motion is **DENIED.**

                              **I.    FACTUAL AND PROCEDURAL HISTORY**

On April 14, 1998, Petitioner was named alongside thirteen co-defendants in a thirty-one-count Superseding Indictment. Sup'g Indict., ECF No. 10 ("Indictment"). On July 29, 1998, Petitioner pled guilty to Count One, Conspiracy to Possess With Intent to Distribute in Excess of 50 Grams of Cocaine Base , in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A), and Count Seven, Murder During a Continuing Criminal Enterprise, in violation of 21 U.S.C. § 848(e)(1)(A), of the Indictment. *See* Plea Agreement, ECF No. 42.

According to his Presentence Investigation Report, Petitioner participated in a conspiracy that involved the distribution of drugs. Investig. Rep., ECF No. 654 at 20-21 ("PSR"). Petitioner participated in home invasions, which involved physically restraining people and robbing them.

*Id.* During this time, Petitioner possessed and used a firearm. *Id.* Petitioner murdered James E. Gilliam. *Id.*

The PSR prepared in 1998 assessed Petitioner with a total offense level of 43, a Criminal History Category of VI, and a recommended Guidelines provision of 360 months to Life imprisonment. Investig. Rep., ECF No. 654. On November 17, 1998, the Petitioner was sentenced to 360 months (30 years) on Count One and a term of LIFE on Count Seven, and if ever released from imprisonment, the Petitioner shall serve a term of five (5) years supervised release. J. of Pet'r, ECF No. 47. On April 28, 2004, the Court reduced defendant's sentence from a term of 360 months (30 years) on the narcotics conspiracy charge to 180 months (15 years) to be served concurrently with the life sentence. Amended J. of Pet'r, ECF No. 182.

Petitioner is currently incarcerated at Lawrenceville Correctional Center, a Virginia Department of Correction facility, with a projected release date from Virginia State custody of May 30, 2029[1]. Pet'r's Mot. The Petitioner has not served his federal custodial sentence.[2] Pet'r's Mot.; Resp. Opp.

On December 22, 2021, Petitioner filed a *pro se* motion for compassionate release. Mot. Reduce Sentence, ECF No. 635. On July 6, 2022, Petitioner filed the motion through counsel. Pet'r Mot. On August 12, 2022, the Government responded in opposition. Resp. Opp. On August 18, 2022, Petitioner replied. Pet'r's Reply.

---

[1] *See also* Virginia Department of Corrections, "Offender Locator," *vadoc.virginia.gov*, https://vadoc.virginia.gov/general-public/offender-locator/ (last visited Sept. 12, 2022) (listing Petitioner's release date as May 30, 2029).

[2] Compassionate Release Recommendation as to Jason Ortega, ECF No. 657. A probation officer verified with the Bureau of Prisons that Petitioner has yet to serve any part of his federal sentence in this case; *See also* Federal Bureau of Prisons, "Find An Inmate," BOP.gov, https://www.bop.gov/inmateloc/ (last visited Sept. 12, 2022) (listing no one that goes by the name of Jason Ortega incarcerated at a BOP facility as of Sept. 12, 2022)

## II. LEGAL STANDARD

### A. The Threshold Requirement

A petitioner may bring a motion to modify their sentence after they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [petitioner]'s behalf or the lapse of 30 days from the receipt of such a request by the warden of the [petitioner]'s facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release has two options after requesting that the Bureau of Prisons ("BOP") bring a motion on their behalf: (1) exhaust their administrative remedies; or (2) wait 30 days from the date of their initial request to the BOP. *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021) ("§ 3582(c)(1)(A) outlines two routes – one of which does not require exhaustion of administrative remedies."). In other words, a petitioner may satisfy the threshold requirement if they "request[] the Bureau of Prisons to bring a motion on their behalf and *either* fully exhaust[] all administrative rights to appeal the Bureau's decision *or* wait[] 30 days from the date of their initial request to file a motion in the district court." *Id.* (emphasis in original). Thus, a petitioner who made a request to the BOP at least 30 days prior may seek compassionate release with the district court whether the BOP has ruled on the request or not. *Id.* (holding petitioner satisfied the threshold requirement by filing his compassionate release motion 149 days after submitting a request to the warden, which the warden denied) (citing *United States v. Garrett*, 15 F.4th 335, 338 (5th Cir. 2021); *United States v. Harris*, 973 F.3d 170, 171 (3rd Cir. 2020); and *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020)).

### III. DISCUSSION

#### A. The Threshold Requirement

The Court finds that Petitioner has not satisfied the threshold requirement. The Petitioner is not in BOP custody, and he has not submitted a Request for Compassionate Release to a Warden of a BOP Facility. Pet'r's Mot. While the plain language of the statue does not require a petitioner to have served any portion of his sentence, he must at least be in federal custody. The statute contemplates the Petitioner waiting 30 days from the date of their initial request to "the warden of the [their] facility." § 3582(c)(1)(A). Petitioning a warden of a BOP facility necessitates being in federal custody. Petitioner does not currently have a facility to because he is not currently in federal custody. Thus, petitioning the Court for compassionate release is premature.

### IV. CONCLUSION

For the foregoing reasons, Petitioner has not satisfied the statute's mandatory procedural requirements. Thus, Petitioner's Motion for Compassionate Release, ECF No. 651, is **DENIED**. Furthermore, Petitioner's *pro se* Motion for Compassionate Release, ECF No. 635, is **Moot**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED**.

Norfolk, Virginia
September 12, 2022

/s/
Raymond A. Jackson
United States District Judge
UNITED STATES DISTRICT JUDGE